# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>United States Department of Justice<br>Antitrust Division, Litigation III Section<br>450 Fifth Street, N.W., 4th Floor<br>Washington, DC 20530,<br><br>          *Plaintiff*,<br>     v.<br><br>CUMULUS MEDIA INC.<br>3280 Peachtree Road, N.W.<br>Atlanta, Georgia  30305,<br><br>and<br><br>CITADEL BROADCASTING<br>CORPORATION<br>7690 West Cheyenne Avenue<br>Suite 220<br>Las Vegas, Nevada  89129,<br><br>          *Defendants*. | CASE NO.:<br><br>JUDGE: |

## COMPLAINT

The United States of America, acting under the direction of the Attorney General of the United States, brings this civil action to enjoin the proposed acquisition of Citadel Broadcasting Corporation ("Citadel") by Cumulus Media Inc. ("Cumulus"), and to obtain other equitable relief.  The acquisition would likely substantially lessen competition for the sale of radio advertising in certain geographic markets in the United States, in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18.  The United States alleges as follows:

### I. NATURE OF THE ACTION

1. By agreement dated March 10, 2011, Cumulus agreed to acquire Citadel (by acquiring all of the shares of Citadel) in a cash-and-stock deal that values Citadel at about $2.5 billion.

2. Cumulus and Citadel are two of the largest operators of broadcast radio stations in the United States. Cumulus' proposed acquisition of Citadel would make Cumulus the third largest operator of broadcast radio stations in the United States. Cumulus' and Citadel's radio stations provide substantial head-to-head competition against one another for the business of local and national companies that seek to advertise on radio stations in Harrisburg-Lebanon-Carlisle, Pennsylvania; and Flint, Michigan.

3. As alleged in greater detail below, the proposed acquisition would eliminate this substantial head-to-head competition and would result in many advertisers paying higher prices for radio advertising time. Therefore, the proposed acquisition violates Section 7 of the Clayton Act. 15 U.S.C. § 18.

### II. JURISDICTION AND VENUE

4. The United States brings this action pursuant to Section 15 of the Clayton Act, as amended, 15 U.S.C. § 25, to prevent and restrain Defendants from violating Section 7 of the Clayton Act, 15 U.S.C. § 18.

5. Cumulus and Citadel sell radio advertising, a commercial activity that substantially affects, and is in the flow of, interstate commerce. The Court has subject-matter jurisdiction over this action pursuant to Section 15 of the Clayton Act, 15 U.S.C. § 25, and 28 U.S.C. §§ 1331, 1337(a), and 1345.

6. Citadel transacts business and is found in the District of Columbia. Cumulus has consented to venue in this District. Therefore, venue is proper in this District for Cumulus and Citadel under Section 12 of the Clayton Act, 15 U.S.C. § 22. Citadel and Cumulus have consented to personal jurisdiction in this District.

### III.  THE DEFENDANTS

7. Cumulus, organized under the laws of Delaware, with headquarters in Atlanta, Georgia, is one of the four largest radio broadcast companies in the United States in terms of revenue. In 2010, Cumulus reported radio broadcast revenues of approximately $259 million.

8. Citadel, organized under the laws of Delaware, with headquarters in Las Vegas, Nevada, is one of the three largest radio broadcast companies in the United States in terms of revenue. For the period June 1, 2010 through December 31, 2010, Citadel reported net revenues of approximately $444 million.

### IV.  RELEVANT MARKETS

9. The relevant markets for Section 7 of the Clayton Act are the sale of radio advertising time to advertisers targeting listeners in two separate Arbitron Metro Survey Areas ("MSAs) by radio stations in those MSAs. The two MSAs are: Harrisburg-Lebanon-Carlisle, Pennsylvania, which includes Cumberland, Dauphin, Lebanon and Perry Counties in Pennsylvania (the "Harrisburg MSA"); and Flint, Michigan, which includes Genesee County in Michigan (the "Flint MSA").

10. Advertisers buy radio advertising time on Cumulus and Citadel radio stations within geographic areas defined by an MSA. An MSA is the geographical unit that is widely accepted by radio stations, advertisers and advertising agencies as the standard geographic area to use in evaluating radio audience size and composition. Cumulus and Citadel radio stations in

the Harrisburg and Flint MSAs generate almost all of their revenues by selling advertising time to local, regional, and national advertisers who want to reach listeners in each of those MSAs. Typically, a radio station's advertising rates are based on the station's ability, relative to competing radio stations, to attract listening audiences that have certain demographic characteristics that advertisers want to reach.

11. Many local and national advertisers purchase radio advertising time because they find such advertising preferable to advertising on other media platforms. Reasons for this include the fact that radio advertising time may be more cost-efficient and effective than other media at reaching the advertiser's target audience (individuals most likely to purchase the advertiser's products or services). In addition, radio stations offer certain services or promotional opportunities to advertisers that advertisers cannot obtain as effectively using other media.

12. Local and national advertising that is placed on radio stations broadcasting into the Harrisburg or the Flint MSA is aimed at reaching listening audiences that are present in those MSAs. Radio stations that primarily broadcast into other MSAs do not provide effective access to those audiences.

13. If there were a small but significant and non-transitory increase in the price that Harrisburg and Flint radio stations sold radio advertising time to advertisers targeting listeners in the Harrisburg and Flint MSAs, advertisers would not switch enough purchases to other radio stations or forms of advertising to render the price increase unprofitable. Although some local and national advertisers may switch some of their advertising to other radio stations or media rather than absorb a price increase in radio advertising time in the Harrisburg or Flint MSAs, the existence of such alternatives would not prevent the Harrisburg or Flint radio stations from profitably raising their prices a small but significant amount. At a minimum, Harrisburg or Flint

radio stations could profitably raise prices to those advertisers that view radio targeting listeners in Harrisburg or Flint as a necessary advertising medium, or as a necessary advertising complement to other media. Radio stations negotiate prices individually with advertisers; consequently, radio stations can charge different advertisers different prices. Radio stations generally can identify advertisers with strong preferences to advertise on radio in their MSAs. Because of this ability to price discriminate among customers, radio stations may charge higher prices to advertisers that view radio in their MSA as particularly effective for their needs, while maintaining lower prices for other advertisers.

## V. LIKELY ANTICOMPETITIVE EFFECTS

14. Radio station ownership in the Harrisburg and Flint MSAs is highly concentrated. Cumulus' and Citadel's combined advertising revenue shares exceed 40 percent in both the Harrisburg and Flint MSAs.

15. As articulated in the Horizontal Merger Guidelines issued by the Department of Justice and the Federal Trade Commission, the Herfindahl-Hirschman Index ("HHI") is a measure of market concentration.[1] Market concentration is often one useful indicator of the likely competitive effects of a merger. The more concentrated a market, and the more a transaction would increase concentration in a market, the more likely it is that a transaction would result in a meaningful reduction in competition harming consumers. Mergers resulting in highly concentrated markets (with an HHI in excess of 2,500) that involve an increase in the HHI

---

[1] See U.S. Dep't of Justice, Horizontal Merger Guidelines § 5.3 (2010), available at http://www.justice.gov/atr/public/guidelines/hmg-2010.html. The HHI is calculated by squaring the market share of each firm competing in the market and then summing the resulting numbers. For example, for a market consisting of four firms with shares of 30, 30, 20, and 20 percent, the HHI is 2,600 ($30^2 + 30^2 + 20^2 + 20^2 = 2,600$). It approaches zero when a market is occupied by a large number of firms of relatively equal size and reaches a maximum of 10,000 points when a market is controlled by a single firm. The HHI increases both as the number of firms in the market decreases and as the disparity in size between those firms increases.

of more than 200 points are presumed to be likely to enhance market power under the merger guidelines.

16. Concentration in both the Harrisburg and Flint MSAs would increase significantly as a result of the proposed acquisition. The post-acquisition HHI in the Harrisburg MSA would be approximately 3,900. The post-acquisition HHI in the Flint MSA would be over 4,000. Both of these HHIs are well above the 2,500 threshold at which the Department normally considers a market to be highly concentrated. Cumulus' proposed acquisition of Citadel would result in a substantial increase in the HHI in both markets in excess of the 200 points presumed to be anticompetitive under the merger guidelines

17. Advertisers that use radio to reach their target audiences select radio stations on which to advertise based upon a number of factors including, among others, the size and composition of a station's audience. Many advertisers seek to reach a large percentage of their target audiences by selecting those stations whose listening audience is highly correlated to their target audience. If a number of stations broadcasting in the same MSA efficiently reach a target audience, advertisers benefit from the competition among those stations to offer better prices and services.

18. Cumulus and Citadel compete for listeners in the Harrisburg and Flint MSAs. Cumulus and Citadel each have stations in those two MSAs that seek to appeal to and attract the same listening audiences. For many local and national advertisers buying radio advertising time in the Harrisburg and Flint MSAs, the Cumulus and Citadel stations are close substitutes for each other based upon their specific audience characteristics.

19. During individual price negotiations between advertisers and radio stations, advertisers often provide the stations with information about their advertising needs, including

their target audience and the desired frequency and timing of ads.  Radio stations have the ability to charge advertisers differing rates based in part on the number and attractiveness of competitive radio stations that can meet a particular advertiser's specific target needs.

20. During these negotiations, advertisers that desire to reach a certain target audience can gain more competitive rates by "playing off" Cumulus stations against Citadel stations in the Harrisburg and Flint MSAs.  The proposed acquisition would end this competition.

21. Post-acquisition, if Cumulus raised prices or lowered services to those advertisers that buy advertising time on the Cumulus and Citadel stations in the Harrisburg or Flint MSAs, non-Cumulus radio stations in the Harrisburg or Flint MSAs would not be induced to change their formats to attract those audiences in sufficiently larger numbers to defeat a price increase. Successful radio stations are not likely to change a format solely in response to a small but significant price increase to advertisers by a multi-station firm such as Cumulus because they likely would lose their existing audiences.  Even if less successful stations broadcasting in the Harrisburg and Flint MSAs did change format, they would still be unlikely to attract in a timely manner enough listeners to provide suitable alternatives to the post-acquisition Cumulus.

22. The entry of new radio stations into the Harrisburg and Flint MSAs would not be timely, likely or sufficient to deter the exercise of market power.

23. The effect of the proposed acquisition of Citadel by Cumulus would be to lessen competition substantially in interstate trade and commerce in violation of Section 7 of the Clayton Act.

## VII. VIOLATION ALLEGED

24. The United States hereby repeats and realleges the allegations of paragraphs 1 through 25 as if fully set forth herein.

25. Cumulus' proposed acquisition of Citadel would likely substantially lessen competition in interstate trade and commerce, in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18, and would likely have the following effects, among others:

   a) competition in the sale of advertising time on radio stations in the Harrisburg and Flint MSAs would be substantially lessened;

   b) actual and potential competition in the Harrisburg and Flint MSAs between Cumulus and Citadel in the sale of radio advertising time would be eliminated; and

   c) the prices for advertising time on radio stations in the Harrisburg and Flint MSAs would likely increase, and the quality of services would likely decline.

## VI. REQUEST FOR RELIEF

The United States requests:

   a) That the Court adjudge the proposed acquisition to violate Section 7 of the Clayton Act, 15 U.S.C. § 18;

   b) That the Court permanently enjoin and restrain the Defendants from carrying out the proposed acquisition or from entering into or carrying out any other agreement, understanding, or plan by which Citadel would be acquired by, acquire, or merge with Cumulus;

   c) That the Court award the United States the costs of this action; and

- 9 -

    d)  That the Court award such other relief to the United States as the Court may deem just and proper.

Dated:  September  8, 2011

Respectfully submitted,

FOR PLAINTIFF UNITED STATES:

    /s/ Sharis A. Pozen
Sharis A. Pozen (DC Bar # 446732)
Acting Assistant Attorney General for Antitrust

    /s/ Patricia A. Brink
Patricia A. Brink
Director of Civil Enforcement

    /s/ John R. Read
John R. Read (DC Bar # 419373)
Chief
David C. Kully (DC Bar # 448763)
Assistant Chief
Litigation III Section

    /s/ Mark Merva
Mark Merva  (DC Bar # 451743)
Attorney
Litigation III Section
Antitrust Division
U.S. Department of Justice
450 Fifth Street, N.W., 4th Floor
Washington, DC  20530
Telephone: (202) 616-1398
Facsimile: (202) 514-7308
E-mail: mark.merva@usdoj.gov